JOHNSTON v. SEXTON et al.

(Circuit Court of Appeals, Seventh Circuit. November 22, 1907.)

No. 1,391.

1. ATTACHMENT—WRONGFUL ISSUE—LIABILITY OF SURETIES.

No damages are recoverable against sureties on an attachment bond for wrongs committed by the principals apart from the attachment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, §§ 1291–1294.]

2. PRINCIPAL AND SURETY—JUDGMENT AGAINST PRINCIPAL—ADMISSIBILITY AGAINST SURETIES.

Where, after the suing out of an attachment, the defendant in attachment brought an action against the plaintiff for various wrongs including the alleged wrongful suing out of the attachment, to which action the sureties were not parties, a judgment for plaintiff therein was admissible against such sureties in an action on the bond only to prove the fact of its existence and what was there adjudicated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 397–401.]

3. ATTACHMENT—ACTIONS ON BONDS—EVIDENCE.

The pleadings in such former action were needful and controlling to ascertain the subject-matter involved in the adjudication, but excerpts from the bill of exceptions of rulings and instructions to the jury embodied therein offered to modify the effect of the judgment were immaterial, the pleadings not having been disturbed by the rulings referred to.

4. PRINCIPAL AND SURETY—JUDGMENT AGAINST PRINCIPAL—EVIDENCE OF LIABILITY.

After the suing out of an attachment, the defendant in attachment brought suit against the plaintiff alleging not only injury to his reputation, credit, etc., in the sum of $20,000 by the wrongful suing out of the attachment, but various other wrongs and injuries to property and reputation for which damages were claimed, for causing and procuring a consignee of cattle to sell them for less than their value, and for making false and harmful statements, aside from the affidavit, for attachment resulting in additional injury to the attachment defendant's business reputation. A judgment was rendered after trial of this action in favor of the attachment defendant for both compensatory and punitive damages, after which judgment was rendered in favor of the plaintiff in attachment for costs, the garnishment being discharged on the filing of a certificate that the debt had been paid after suit brought. Held, that such judgment of itself was insufficient to establish a cause of action against the sureties on the attachment bond.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 397–401.]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

K. R. Craig, for plaintiff in error.

George F. McNulty, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The plaintiff in error, Johnston, a resident citizen of Texas, was plaintiff below in a suit against the sureties on a statutory attachment bond, executed in Illinois, to recover damages for alleged default of the principals in the bond, Tamblyn & Tamblyn, copartners. Upon trial of the issues in the Circuit Court, at

the close of the testimony on the part of the plaintiff, the evidence was excluded by the court, with direction to the jury to find for the defendants, and this writ is prosecuted for review of errors assigned thereupon. The single question arises whether the proof tendered on behalf of the plaintiff was sufficient to make out a prima facie case of liability against the defendants, as sureties on the bond in suit.

This bond was executed in an attachment suit, brought by the principals therein, Tamblyn & Tamblyn, against the present plaintiff, in the city of East St. Louis, and in the form prescribed by statute in Illinois for granting the attachment. Paragraph 5, c. 11, entitled "Attachments," 1 Starr & C. Ann. St. Ill. 1885, p. 312. It names $10,000 as the penal sum, and $5,100 as the amount sued for in attachment, and the condition reads:

"Now if the said Tamblyn & Tamblyn shall prosecute his suit with effect, or in case of failure therein shall well and truly pay and satisfy the said L. T. Johnston all such costs in said suit, and such damages as shall be awarded against the said Tamblyn & Tamblyn, his heirs, executors, or administrators, in any suit or suits which may hereafter be brought for wrongfully suing out the said attachment then the above obligation to be void; otherwise, to be in full force and effect."

The record of the attachment suit, introduced in evidence by the plaintiff in error, shows an appearance by all parties and entry of judgment as follows:

"By agreement judgment is rendered in favor of the plaintiff and against the defendant for costs of suit, and the garnishee, St. Louis National Stock Yards. is discharged; it appearing in writing on file that debt has been paid since suit was brought."

The only other evidence offered was comprised in transcripts of the record in the Circuit Court of the United States for the Western District of Missouri, in a case purporting to be a subsequent suit by the attachment defendant in the above-mentioned proceeding, against Tamblyn & Tamblyn, the attachment plaintiffs, to recover damages for alleged malicious prosecution and other wrongs, in reference both to the attachment proceedings and other injurious conduct with which Tamblyn & Tamblyn were charged. These offers were made in two exhibits—one certified to be "a full, true, and complete copy of the amended petition, answer to amended petition, reply, judgment," and subsequent motions, writ of execution, and return, in the case referred to; and the other certified as (1) an excerpt from a bill of exceptions allowed in the case and (2) a "copy of the court's charge to the jury in the cause."

Thus the plaintiff in error rested his case below, upon the above-mentioned record exhibits, without other evidence, either of default in the conditions of the bond of damages "for wrongfully suing out the said attachment," or even knowledge or privity on the part of the defendants in error in respect of the suit in Missouri; and, resting alike upon its competency and sufficiency to establish and measure the liability of the defendants in error, reversal is sought for the adverse rulings of the trial court.

We are of opinion that no error was committed in excluding this evidence and directing a verdict, whether the contentions of one side

or the other are adopted, either in construing the obligations of the bond, or the effect of the judgment in the attachment proceedings. On behalf of the plaintiff in error, it is contended, in substance, that the undertaking of the sureties was to respond for any damages awarded against the principals "for wrongfully suing out the said attachment"; that exemplary damages are recoverable thereunder when malice or vexatious suit appears; that the principals may be sued alone, without notice to the sureties, and judgment against the principals is conclusive of liability on the part of the sureties to pay the amount thereof, to the extent stipulated in the bond; and that such liability arises, notwithstanding the above-mentioned judgment entry in the attachment proceedings, for the reason that it shows a settlement and consequent failure to prosecute the suit. On the other hand, the sureties contend that the judgment in the attachment in favor of the principals bars any claim against the sureties, as of breach of the condition to "prosecute his suit with effect"; that liability under the statutory bond is governed by the Illinois rule, as stated in Lawrence v. Hagerman, 56 Ill. 68, 77, 8 Am. Rep. 674, and is thus limited to actual damages in direct loss to the property attached and expenses incurred in defense of the suit; that the Missouri suit and judgment involved not only exemplary damages, but compensatory damages excluded by the Illinois rule, and the judgment is therefore inoperative as against the sureties; and that they were not bound by the judgment, for the further reason that they were neither made parties nor notified of the suit.

Passing these various questions—which are discussed in the briefs, but do not require solution, as we believe, on reference to the transcripts offered of the record in the suit against Tamblyn & Tamblyn —the insufficiency of the judgment thus relied upon to establish the liability of sureties under the attachment bond plainly appears when the issues there presented are rightly distinguished. The original petition of the plaintiff in that action is not an exhibit, but the amended petition (filed during the trial "by leave of the court") states as the complaint and grounds of action, not only "the wrongful and malicious acts and doings of the said defendants," in suing out and causing the levy of the attachment in question, and resulting injuries to the plaintiff, "in his business reputation, character, and credit, in the sum of $20,000," but various other wrongs and injuries to property and reputation, for which damages are claimed, namely, (a) causing and procuring his consignee, holding his cattle of the value of $6,660 as his bailee, to sell them (subsequently) for $3,743; (b) making false and harmful statements aside from the affidavit for attachment, both publicly and to individuals, at several places where the plaintiff had transacted business, which caused great injury to his reputation and business; (c) wherefore damages were claimed, aggregating $23,446.59 for "actual damages" and $30,000 for "punitory damages." Issues were joined upon all these averments, and as well upon averments respecting the settlement of the attachment suit; and the trial resulted in a verdict (as set out in the transcript), awarding the plaintiff damages, separately stated at $8,133.34 for "compensatory

damages" and $2,000 for "punitive damages." Judgment was entered for the aggregate of the awards.

Whatever the rule of damages applicable to the undertaking of the sureties, it is indisputable, under either line of authorities cited, that none are recoverable against them for wrongs committed by the principals apart from the attachment; that neither of the separate injuries above mentioned is within their undertaking for indemnity; and that the judgment referred to is without force to determine their liability. The sureties were not parties, and the judgment in question is admissible only, as against them, to prove the fact of its existence and what was there adjudicated. 2 Whart. Evidence, § 823. So the pleadings were needful and controlling to ascertain the subject-matter involved in the adjudication, but not the excerpts from the bill of exceptions of rulings and instructions to the jury embodied therein, offered by way of modifying the effect of the judgment (State ex rel. Nave v. Hawkins, 81 Ind. 486, 488), for the reason that the pleadings were left undisturbed by either of the rulings referred to. Moreover, in reference to the instructions to the jury, certified and embodied in the offer, we are impressed with no direction or ruling therein, in so far as called to attention, which appears to be calculated to exclude the above-mentioned averments of injuries not chargeable to the attachment from consideration by the jury in awarding damages.

Assuming for the purpose of this inquiry, therefore, that both of the main contentions relied upon for recovery against the sureties are tenable—namely (a) that breach of the bond may be charged against the sureties, notwithstanding the undisputed stipulation and judgment entry in the attached proceedings, and (b) that damages are recoverable in such event beyond the rule indicated in Lawrence v. Hagerman, supra—with no ruling or intimation thereupon, we are of opinion that the verdict in favor of the defendants in error was rightly directed in the case at bar, for want of competent evidence to establish, either such breach or damages caused by the attachment; and the judgment of the Circuit Court is affirmed.